IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAY F. WYLIE, JR.

        Plaintiff,

vs.                                               CIVIL NO. 02-1103 BB/LFG

FINANCIAL INSTITUTION
PRESIDENTS IN STATE OF
NEW MEXICO,

        Defendants.

## MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the trial judge's Order of Reference [Doc. 2]. In accord with the trial judge's request, the undersigned Magistrate Judge conducted a legal analysis of this matter and now recommends this disposition.[1]

Plaintiff, Ray F. Wylie, Jr. ("Wylie"), seeks the Court's order authorizing him to proceed with litigation without the payment of costs or fees. The federal *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes a court to waive these fees. The intent of this statute is to guarantee that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, `in any court of the United States' solely because . . . [lack of funds] makes it impossible for him to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948).

---

[1] Within ten (10) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed by September 27, 2002, no appellate review will be allowed.

Wylie submitted an affidavit indicating that he is unemployed and that his only source of income is from SSI and social security benefits; that he owns no real estate or significant assets; and that after payment of necessary living expenses, he is without funds sufficient to prosecute this litigation. Based on Wylie's affidavit, the Court concludes that Wylie is indigent and the Court will authorize the filing of Wylie's complaint without the payment of a filing fee.

## *Sua Sponte* Analysis

While Congress removed the barriers to court process for indigents by enacting the *in forma pauperis* statute, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992). In response to this congressional concern, courts were specifically authorized to review and, where appropriate, to dismiss an *in forma pauperis* complaint "if the court determines . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2). Accordingly, the court may conduct a *sua sponte* review of a complaint pursuant to this section and may dismiss the complaint if it is patently obvious that the plaintiff cannot prevail on the facts alleged. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). However, if the defect in the pleading may be cured by appropriate amendments, the dismissal of the complaint should be without prejudice to the plaintiff filing another complaint with valid allegations.

In reviewing a *pro se* complaint, the court is to apply the same legal standards applicable to pleadings drafted by counsel, but the court remains mindful that a *pro se* complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-1521 (10th Cir. 1992). It is with these standards in mind that the Court reviews Wylie's complaint.

**Insufficient Allegations of Federal Court Jurisdiction**

Wylie invokes the Court's jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. The first statute, 28 U.S.C. § 1343(a)(3), establishes federal court jurisdiction "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; . . . ."

Wylie states that his complaint is filed pursuant to 42 U.S.C. § 1983; thus, he seeks to invoke federal jurisdiction. However, Wylie has not alleged any actions by any defendant under color of state law, nor has he described any conduct that would invoke protections under 42 U.S.C. § 1983.

Section 1983 may be invoked when a party satisfies two pleading elements: (1) "the plaintiff must allege that some person has deprived him of a federal right"; and (2) the plaintiff must allege "that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923 (1980); West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 254-55 (1988).

It is unclear whom Wylie wishes to sue. In his complaint, he names "Finical [sic] Instusdion [sic] Presidents in New Mexico." In his application for an *in forma pauperis* order, he identifies the parties as "Ray F. Wylie Jr. & State of New Mexico v. Financile [sic] . . . [illegible] & all CU in New Mexico." Finally, in his proposed Order for Service of Process, he identifies as Defendants, "Rio Grand [sic] C.U. and all credit unions, banks & Fininca [sic] Services." Indeed, the allegations of the complaint are vague, and for the most part, unintelligible. Wylie states in paragraph 1, p. 3 of the complaint:

3

> Count I: did not give me the use of my funds and were partispants [sic] in money laundry [sic] & drug money and damins [sic] of the elderly.
>
> Count II: These privet [sic] intutions [sic] have abused me and slandered me and elderly citizens of this state.

The acts Wylie submits in support of his claims are "terriost [sic] attacks in all favious [sic] of U.S. government."

There are no facts pled from which any defendant could reasonably discern what it is he or it is alleged to have done. It is fundamental to our civil justice system that a defendant be given notice of the claim so as to be able to gather relevant evidence and, if necessary, mount a defense to the charge. Here, there are simply no factual allegations showing that any alleged act by any president of a financial institution, credit union or others caused any deprivation of a federal right, or that any Defendant acted under color of state law. If Wylie's claims against the presidents of financial institutions allegedly relate to some act taken under color of federal law, not under color of state law, they are not proper 42 U.S.C. § 1983 violations. Wheeldin v. Wheeler, 373 U.S. 647, 650 n. 2, 83 S. Ct. 1441, 1444 n.2 (1963); District of Columbia v. Carter, 409 U.S. 418, 424-25, 93 S. Ct. 602, 606 (1973). Moreover, the persons or institutions identified are not public officials or entities that act under color of state law, and are not proper § 1983 defendants.

Wylie's complaint fails to specify what federal right was denied him, or how any alleged act was committed under color of state law. Thus, the claim against the individuals named must fail. He does not allege that any of them are state actors or that they acted jointly with state or local officials in carrying out some act or policy under color of state law. Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1456 n. 3 (10th Cir. 1995). In the absence of the twofold essential elements

for a Section 1983 claim, Wylie has failed to state any valid basis for federal court jurisdiction.

**Rule 12(b)(6)**

Beyond the pleading defects in failing to identify a basis for federal jurisdiction, Wylie simply states no facts in his complaint which constitute a federal cause of action against any of the Defendants. Fed. R. Civ. P. 12(b)(6). Wylie asserts denial of the use of his money as well as slander and abuse. While these allegations could well serve as the basis for state common law claims, they do not rise to the level of federal claims. Moreover, one of Wylie's many previous *pro se* lawsuits raised the same or similar allegations. In Wylie v. William Clinton, CIV 01-247, Wylie sought to sue banks, alleging "loss of access to my money" and "refusing to cash my check." That lawsuit was summarily dismissed in federal court. Wylie's allegations simply fail to describe actionable conduct. While under 12(b)(6), the Court is required to accept as true any well-pled allegation, the allegations of Wylie's complaint are neither "well-pled" nor do they state any actionable claim. For example, Wylie fails to demonstrate how any bank president, financial institution or credit union's alleged failure to cash his check or give him access to money constitutes a violation of any constitutional, federal, or statutory right.

The Court finds that Wylie's complaint fails to state a cause of action under 12(b)(6); that Wylie has failed to properly invoke the federal court's jurisdiction; and, therefore, concludes that Wylie's complaint is deemed frivolous under 28 U.S.C. ¶ 1915 and will be dismissed.[2]

---

[2] Wylie, either individually or on behalf of businesses he allegedly owns, has filed numerous *pro se* lawsuits in this court. All were deemed frivolous and dismissed. *See, e.g.,* Wylie v. Bank of Albuquerque, CIV 99-631 WWD; Wylie v. Mayor of the City of Albuquerque and Council of the City of Albuquerque, CIV 99-711 LH/DJS; YLY Enterprises v. Gary Johnson, Governor of the State of New Mexico, CIV 99-719 DJS; YLY Enterprises v. City of Albuquerque and Albuquerque Transportation Dept., CIV 99-733 DJS; Y/Y Coyote Corp. v. Bank of Oklahoma, CIV 99-740 DJS; and Wylie v. William Clinton, President, CIV 01-247 LFG.

In dismissing a claim pursuant to 12(b)(6), leave is generally granted to allow a party to cure pleading defects so as to state a viable cause of action. Wylie is admonished, however, that if he chooses to file another complaint in federal court so as to cure the pleading defects, he must comply with the pleading requirements of Fed. R. Civ. P. 8 and the investigative and pleading restrictions of Fed. R. Civ. P. 11. Wylie is further admonished that in light of his history of vexatious and frivolous litigation, he may be enjoined from future litigation should his frivolous lawsuits continue.

## **Recommended Disposition**

That this action be dismissed without prejudice.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge